**STATE, ex rel. TERREL, Relator-Appellant, v. PHILLIPS, Safety Director et, Respondents-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6024.   Decided April 7, 1959.

John J. Chester, John C. Burkholder, Columbus, for relator-appellant. Russell Leach, City Atty., Paul A. Scott, Asst. City Atty., Columbus, for respondents-appellees.

(FESS, J, of the Sixth District, sitting by designation in the Tenth District.)

## OPINION

By DUFFY, J.

Holly E. Terrel was a civil service employee of the city of Columbus,

employed as a workhouse guard. In December, 1956, and early January, 1957, he was found to have been absent without leave by the Safety Director of the city of Columbus and was dropped from the rolls as of January 9, 1957. He learned of his removal when he returned to the workhouse to resume employment on January 25, 1957.

On February 1, 1957, Terrel notified the Civil Service Commission and asked for a hearing. The hearing resulted in a finding by the Commission that Terrel was absent without leave for more than five consecutive workdays, which, under Rule 14, Section C, Paragraph 1, of the Rules and Regulations of the Civil Service Commission of the City of Columbus, constituted a resignation; but the Commission found that Terrel made a satisfactory explanation of the cause of his absence (having gone to the hospital for surgery) and recommended that he be reinstated to his position with the consent of the Public Safety Director. Terrel was so notified of the Commission's findings and recommendations in a letter dated March 11, 1957.

On March 15, 1957, the Public Safety Director sent a letter to Terrel reaffirming his previous order removing Terrel from the roster.

On July 18, 1957, Terrel demanded a final order from the Civil Service Commission; and on July 22, 1957, the Commission notified him by letter that in view of the refusal of the Public Safety Director to reinstate him, their previous action was final.

On July 8, 1958, Terrel filed a petition for a writ of mandamus in the Common Pleas Court of Franklin County, asking that the Safety Director and the Civil Service Commission be ordered to restore him to his position as guard in the City of Columbus Workhouse. The trial court, after consideration of the pleadings and evidence, refused the writ of mandamus on the grounds that the Commission could not reinstate him without the consent of the appointing authority and that he was guilty of laches in waiting practically a whole year before appealing the case.

The relator filed his notice of appeal in this court, appealing on questions of law from the dismissal of his petition.

It is the contention of the relator that because he was not served with notice and reasons for his removal, his removal was void; that the Commission, in attempting to act under the provisions of its Rule 14, acted without authority; that since the acts of the Commission were a nullity, he cannot be guilty of laches in acquiescing in such acts.

While there is nothing in the record showing that Terrel received an order of removal and notice as to the reasons for his removal as required by §143.27 R. C., he was given the hearing, at his request, before the Civil Service Commission, who found that his absence without leave was excusable; and for some unexplained reason, he waited almost a year after his final correspondence with the Civil Service Commission to bring this action of mandamus. The trial court, in the exercise of its judicial discretion, found that the inaction of the relator constituted laches.

The relator cites the case of **State, ex rel. Delaney, v. Holmes, 5 Oh Ap 1** (affirmed without opinion in 93 Oh St 480), in support of his contention that the acts of the Commission being a nullity, he could not

be guilty of laches in acquiescing in such acts; but there is a definite distinction between the two cases. Where the Board acted without power to act, as in the Delaney case, it is true that there can be no acquiescence; but in the instant case, there was the power to act, and the only claim is that they did not proceed properly in the act of removal of the civil service employee. Since there was power to act, the relator could be found guilty in acquiescing in the alleged improper proceedings by the respondents.

We cannot say that the trial court was not justified in finding the relator guilty of laches as there was not only a lapse of time element involved, but there was an acquiescence in the activities of the Safety Director and the Civil Service Commission and a necessity on the part of the municipal government to operate the workhouse during the period of delay. See **State, ex rel. Smith, v. Witter et al, 114 Oh St 357.** Judgment of the Common Pleas Court affirmed at appellant's costs.

BRYANT, PJ, FESS, J, concur.